FILED
CLERK, U.S. DISTRICT COURT

APR 23 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANZ A. WAKEFIELD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>　　　　　Defendants. | No. CV 05-6857-VBF (PLAx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

DOCKETED ON CM

APR 23 2007

BY _____ 048

On March 30, 2007, the Court rejected plaintiff's Motion to Compel Further Responses to Requests for Production, plaintiff's Motion to Compel Further Responses to Interrogatories, and associated documents, lodged with the Court on March 28, 2007. On April 11, 2007, plaintiff filed his Motion for Reconsideration of that Order under Local Rule 7-18 ("Motion").

Under Local Rule 7-18, a motion for reconsideration of the decision on any motion may be made only on the grounds of: 1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; 2) the emergence of new material facts or a change in the law occurring after the time of such decision; or 3) a manifest showing of a failure to consider material facts presented to the Court before such decision. Plaintiff's Motion fails, as he has not presented any evidence or argument that is sufficient to satisfy any of the grounds set forth in Local Rule 7-18. No newly discovered evidence is cited that

would warrant reconsideration. Indeed, all of the e-mail correspondence submitted by plaintiff in his Motion occurred prior to the filing of his motions to compel, and was available to him at that time. Plaintiff does not present any new law that was not presented to the Court that in the exercise of reasonable diligence could not have been known to him at the time he originally filed his motions to compel. Further, plaintiff has not shown that the Court failed to consider any material facts that were presented to it prior to making its decision. Instead, plaintiff cites "substantial evidence" that he contends documents the lack of good faith and legal ploys engaged in by defendants. But in rejecting plaintiff's motions, the Court noted that it appeared plaintiff had not complied with Local Rule 37-1, which requires "that the moving party first serve a letter requesting a pre-filing conference that identifies each issue and/or discovery request in dispute, states briefly with respect to each such issue the moving party's position (with legal authority), and specifies the terms of the discovery order to be sought." Plaintiff essentially concedes his failure to comply in his Motion ("[t]he fact is that neither party complied fully with Local Rule 37-1." Motion at 9.). He has presented nothing in his Motion to persuade the Court that its conclusion was faulty.[1] The Court next rejected plaintiff's motions based on its conclusion that the parties did not meet in good faith in an effort to resolve the issues presented therein. Again, plaintiff has presented nothing to convince the Court otherwise.

Lastly, Plaintiff concedes that he served his motions to compel by mail on defendants on March 27, 2007 (Motion at 11), which is less than the 24 days required by Local Rule 6-1 for service for a hearing set for April 17, 2007.[2]

/

/

/

---

[1] Plaintiff argues that defendants did not comply with Local Rule 37 prior to filing their Motion to Compel, which the Court considered and decided on March 23, 2007, and that this should somehow relieve plaintiff as his obligation to comply with the Local Rules. The Court rejects both the premise of this assertion, and the conclusion plaintiff draws from it.

[2] The documents apparently were timely filed with the Court, however.

1  Thus, the Court is convinced that there is no basis to revisit its Order rejecting plaintiff's
2  motions to compel. Accordingly, it is ORDERED that plaintiff's Motion for Reconsideration is
3  **DENIED**.[3]

5  DATED: April 23, 2007

   _____
   PAUL L. ABRAMS
   UNITED STATES MAGISTRATE JUDGE

---

[3]  Plaintiff's Application for Telephonic Appearance, filed on April 13, 2007, is **denied** as moot.