

```
     FILED
CLERK, U.S. DISTRICT COURT

    MAY 10 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FRANZ A. WAKEFIELD, ) | No. CV 05-6857-VBF (PLAx) |
| Plaintiff, ) | |
| v. ) | **ORDER RE MOTION TO QUASH SUBPOENAS** |
| THE WALT DISNEY COMPANY, et al., ) | |
| Defendants. ) | |

```
DOCKETED ON CM
   MAY 10 2007
BY              048
```

Having reviewed and considered Specially Appearing Moving Party Eva Longoria's Motion to Quash Subpoena, or in the alternative, for a Protective Order, regarding two subpoenas purportedly served on Eva Longoria ("Motion"), as well as plaintiff's Response in Opposition, IT IS ORDERED THAT:

1. Specially Appearing Moving Party's Motion is **granted.**

2. The subpoenas issued by plaintiff on Eva Longoria (see Exhibits A and B to Motion) are hereby **quashed**. First, it appears that the subpoenas are invalid on their face for two reasons: 1. as set forth in the detailed and credible declarations of Heather Trudnich and Brad Small, and other declarations in support of the Motion, Ms. Longoria was not personally served with a copy of the subpoenas nor was service accepted on her behalf (see Fed.R.Civ.P. 45(b)); and 2. fees for attendance and mileage were not tendered upon service. See Fed.R.Civ.P. 45(b)(1); Declaration of Heather Trudnich, ¶ 5. Plaintiff in his Response concedes that fees were not tendered with service.

1  The Ninth Circuit is clear that "the plain meaning of Rule 45(c) requires simultaneous tendering of witness fees . . . with service of a subpoena." CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc., 713 F.2d 494, 496 (9th Cir. 1983).[1] Plaintiff's contention that no fees were necessary as the deposition was to be conducted telephonically is unsupported. Rather, attendance at a deposition triggers the entitlement to fees. See 28 U.S.C. § 1821.

Second, in light of the circumstances presented in the Motion, including Ms. Longoria's credible statements that she has no recall of ever meeting plaintiff, or of having any contact or communications with him, and her unequivocal denial of plaintiff's allegations that he performed songs and skits for her in 1994, that he and Ms. Longoria "talk every now and then," and that he conveyed details to her in 1994 of a television series to be called "Desperate Housewives," plaintiff has not made a showing of the likelihood of finding relevant, responsive information from a deposition or that his allegations are sufficiently credible to be allowed to exercise subpoena power over a non-party. See, e.g., Wood v. McEwen, 644 F.2d 797, 801-02 (9th Cir. 1981) (no abuse of discretion in issuing protective order staying discovery as there was a "real question" whether plaintiff had presented a substantive claim); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (within trial court's discretion to postpone deposition of Upjohn's president, who was "extremely busy and did not have any direct knowledge of the facts," until other corporate employees were deposed, and in light of fact that plaintiff had the proposed deponent's Senate testimony). Under Fed.R.Civ.P. 26(b)(2), the Court finds that the burden of the proposed discovery outweighs its likely benefits.

Third, the discovery cut-off in this matter at the time the subpoenas were purportedly served was May 1, 2007. As the subpoenas called for compliance on May 21, 2007, and May 22, 2007, they were untimely when purportedly served. Even with the additional two weeks for discovery granted by the District Judge on May 3, 2007, they are still untimely.

3.      Moving Party's request for sanctions is **denied**.

/

/

---

[1]   In 1991, the portion of Rule 45(c) pertaining to witness fees was moved to Rule 45(b).

2

1 |     4.    Plaintiff's Notice of Cross-Examination of the Declarant Eva J. Longoria, and his Application for Telephonic Appearance, both lodged on May 4, 2007, are **denied** in light of the above ruling.

IT IS SO ORDERED.

DATED: May 10, 2007

                                              PAUL L. ABRAMS
                                  UNITED STATES MAGISTRATE JUDGE